Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Melissa A. Dubbs, State Bar No. 163650
mdubbs@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371
Facsimile: (510) 900-9381

Attorneys for NATIONAL SURETY
CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUNDE ENTERPRISES, INC.; VINTAGE WINE ESTATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL SURETY CORPORATION; CERTAIN UNDERWRITERS AT LLOYD'S LONDON; RSA INSURANCE GROUP; LIBERTY SPECIALTY MARKETS INSURANCE GROUP; NAVIGATORS UNDERWRITING AGENCY LIMITED; BRIT GLOBAL SPECIALTY; TRAVELERS MARINE CARGO, <br><br> Defendants. | Case No. 3:19-cv-06636-SK <br><br> **DEFENDANT NATIONAL SURETY CORPORATION'S MOTION TO DROP (DISMISS WITHOUT PREJUDICE) OR IN THE ALTERNATIVE SEVER PLAINTIFF VINTAGE WINE ESTATES, INC. AND DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S LONDON, RSA INSURANCE GROUP, LIBERTY SPECIALTY MARKETS INSURANCE GROUP, NAVIGATORS UNDERWRITING AGENCY LIMITED, BRIT GLOBAL SPECIALTY AND TRAVELERS MARINE CARGO ON THE GROUNDS OF MISJOINDER** <br><br> Fed. R. Civ. Pro Rules 20 and 21 <br><br> Date: November 25, 2019 <br> Time: 9:30 a.m. <br> Crtm: C <br> Judge: Magistrate Sallie Kim |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ALLEGATIONS IN THE COMPLAINT ..................................................................... 1

III. LEGAL STANDARDS FOR MISJOINDER ................................................................ 3

IV.  LEGAL ARGUMENT: SEVERANCE IS MANDATED HERE WHERE TWO
     UNRELATED PLAINTIFFS IMPROPERLY JOIN IN A SINGLE LAWSUIT
     AGAINST TWO UNRELATED SETS OF DEFENDANTS ........................................ 5

     A.  Plaintiffs' Allegations Fail to Satisfy the First Prong of Rule 20(a) Because
         Their Claims Arise Under Separate Policies with Different Policy Limits, for
         Claims Which Occurred at Different Times at Different Locations and Were
         Adjusted by Different Insurers.. .......................................................................... 5

     B.  Plaintiffs' Fail to Satisfy the Second Prong of Rule 20(a) Because the Claims
         Are Based on the Actions of Different Insurers Adjusting Claims at Different
         Locations for Different Insureds and Under Different Policies of Insurance. ........ 6

     C.  Discretionary Severance is Also Warranted ......................................................... 8

         1.  Judicial Economy mandates Severance .................................................... 9

         2.  Absent Severance, the Risk of Unfair Bias, Prejudice and Error is
             Acute. ....................................................................................................... 9

V.   CONCLUSION ............................................................................................................. 10

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371  FACSIMILE: (510) 900-9381

i

i
NATIONAL SURETY'S MOTION TO DISMISS OR SEVER PLAINTIFF VINTAGE WINE AND ALL
OTHER DEFENDANTS FOR MISJOINDER – CASE NO. 3:19-CV-06636-SK

# TABLE OF AUTHORITIES

**Cases**

*Bailey v. Northern Trust Co.*
    196 F.R.D. 513 (N.D. Ill. 2000) .................................................................................... 10

*Coalition for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*
    2009 WL 3857417, at *7 (E.D. Cal. Nov. 17, 2009) ...................................................... 7

*Coleman v. Quaker Oats Co.*
    232 F.3d 1271 (9th Cir. 2000) ..................................................................................... 8, 9

*Coughlin v. Rogers*
    130 F.3d 1348 (9th Cir.1997) .................................................................................. 4, 6, 7

*EIT Holdings LLC v. Yelp!, Inc.*
    No. 10-cv-05623-WHA, 2011 WL 2192820, at * 1-2 (N.D. Cal. May 12, 2011) ........... 8

*Grayson v. K-Mart Corp.*
    849 F. Supp. 785 (N.D. Ga. 1994) ................................................................................ 10

*Hard Drive Prods., Inc. v. Does 1-188*
    809 F. Supp. 2d 1150 (N.D. Cal. 2011) .......................................................................... 9

*Hash v. Cate*
    No. C 08-3729MMC(PR), 2009 WL 941807, at *3 (N.D. Cal. Apr. 6, 2009) ................ 4

*LaFace Records. LLC v. Does 1-38*
    No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) .............................. 7

*League to Save Lake Tahoe v. Tahoe Regional Planning Agency*
    558 F.2d 914 (9th Cir.1977) ........................................................................................... 5

*Movie Sys., Inc. v. Abel*
    99 F.R.D. 129 (D. Minn. 1983) ..................................................................................... 10

*Nassau County Ass'n of Ins. Agents v. Aetna Life & Casualty Co.*
    497 F.2d 1151 (2d Cir.1974) ....................................................................................... 6, 8

*Repro-Med Sys., Inc. v. EMED Techs. Corp.*
    No. 213CV01957TLNCKD, 2019 WL 569277, at *4 (E.D. Cal. Feb. 12, 2019) ........... 4

*S.E.C. v. Leslie*
    Case No. 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) .................... 4, 9

*San Francisco Tech., Inc. v. Adobe Sys. Inc.*
    Nos. 10-cv-01652-RS, 09-cv-6083-RS, 2010 WL 1640397, at *1-2 (N.D. Cal.
    Apr. 19, 2010) ................................................................................................................. 8

*Shelton Pollet, Jr. v. Travelers Prop. Cas. Ins. Co., et. al.*
    No. 01-863, 2001 WL 1471724, at *2 (E.D. La. Nov. 16, 2001) ................................... 9

*Third Degree Films, Inc. v. Does 1-131*
    280 F.R.D. 493 (D. Ariz. 2012) ...................................................................................... 9

ii

**NATIONAL SURETY'S MOTION TO DISMISS OR SEVER PLAINTIFF VINTAGE WINE AND ALL OTHER DEFENDANTS FOR MISJOINDER – CASE NO. 3:19-CV-06636-SK**

*Trazo v. Nestle USA, Inc.*
   No. 5:12-CV-02272-PSG, 2013 WL 12214042, at *2 (N.D. Cal. Dec. 4, 2013) ...................... 5

*Vaz v. Met P&C Prop. & Cas. Co.*
   No. 1:06 CV 481, 2006 WL 2583733, at *1 (S.D. Miss. Sept. 6, 2006) ................................. 6

*Williams v. King*
   875 F.3d 500 (9th Cir. Cal. 2017) ............................................................................................ 9

*Wynn v. Nat'l Broad. Co.*
   234 F. Supp. 2d 1067 (C.D. Cal. 2002) .................................................................................. 6

**Statutes**

Federal Rule of Civil Procedure, Rule 20 ................................................................................ passim

Federal Rules of Civil Procedure, Rule 21 ........................................................................ 1, 4, 8, 9

iii

NATIONAL SURETY'S MOTION TO DISMISS OR SEVER PLAINTIFF VINTAGE WINE AND ALL OTHER DEFENDANTS FOR MISJOINDER – CASE NO. 3:19-CV-06636-SK

## I. INTRODUCTION

This is an insurance coverage/bad faith action in which two separate unrelated winery-policyholders have mis-joined together to sue their individual and unrelated insurers for property claims arising out of the October 2017 wildfires in Sonoma. Plaintiff, Vintage Wine Estates, Inc. ("VWE") makes no claims and asserts no causes of action against Defendant, National Surety Corporation ("Allianz"), nor could it. Allianz issued no policy of insurance to VWE and processed none of its alleged fire damage claims. Rather, the claims brought against Allianz are asserted by its insured, the lead plaintiff and policyholder, Kunde Enterprises, Inc. ("Kunde"). Because Allianz is not and was not VWE's insurance carrier, none of VWE's claims arise out of the "same transaction, occurrence, or series of transactions or occurrences," permitting permissive joinder under Federal Rule of Civil Procedure (sometimes, "FRCP"). Rule 20. Rule 20 simply does not permit joinder of multiple defendants when the only connection among those defendants is that they have been accused of the bad faith adjustment of fire claims. Accordingly, because plaintiffs cannot meet the requirements for joinder under Rule 20, Allianz respectfully requests that the Court either "drop or sever" VWE's claims against the London Insurers pursuant to Rule 21.

Allianz also moves under Rule 21's discretionary provisions for severance on the additional grounds that the interests of justice mandate severing, including: (1) to prevent unfair prejudice; (2) to provide a manageable trial; and (3) to avoid delay, and waste of time and judicial resources. Allianz cannot receive a fair trial if this case is not severed. At minimum, a trial involving unrelated fire claims inevitably will result in unfair bias and jury confusion. The substantial prejudice created by Plaintiffs' unfortunate misjoinder can only be addressed by immediate severance. Thus, the instant lawsuit constitutes misjoinder ripe for dismissal without prejudice or in the alternative, severance under FRCP Rule 21.

## II. ALLEGATIONS IN THE COMPLAINT

In October 2017, a series of wildfires burned across Northern California, which affected the Plaintiffs who owned wineries and conducted winemaking operations in the affected areas.

Dkt.# 1, Exh. A, Complaint ¶¶ 26, 28[1]. Plaintiffs contend that the wildfires exposed their wine products to smoke which tainted the finished wine with a perceptible "smoke taint." *Id.*

Both Plaintiffs were insured by different insurers. Allianz insured Kunde under a real and personal property policy, bearing number MZX80977326, for the policy period of April 1, 2017 to April 1, 2018 (the "Allianz Policy"). The Policy provides blanket limits of coverage for real and personal property at covered locations, including the insured's winery in Kenwood, California for $35,060,173.00, subject to a $10,000 deductible, time element coverage with a limit of $5,300,000. *Id.* ¶ 15 and Exhibit 1.

On the other hand, VWE submitted insurance claims to the other Defendants, Certain Underwriters at Lloyd's London, RSA Insurance Group, Liberty Specialty Markets Insurance Group, Navigators Underwriting Agency Limited, Brit Global Specialty and Travelers Marine Cargo (collectively, the "London Insurers"), which issued not a real and personal property policy but a "marine stock throughput insurance policy," with unique market reference number B1262SM0419217 and with limits of $50,000,000 for the period October I, 2017 through October I, 2018 (the "Lloyd's Policy").[2] *Id* ¶ 18 and Exhibit 2 to the complaint.

The complaint asserts generally that the wildfires resulted in significant insured losses, which constituted:

> a new substantial exposure for the insurance industry. Accordingly, insurers providing "all-risk" coverage to California wineries subsequently responded to this increased exposure by adopting an absolute exclusion for contamination to grapes, juice, and other wine due to wildfires and related smoke taint. Importantly, neither the Allianz Policy nor the Lloyds Policy, which were issued prior to the Wildfires, contains any such exclusion. Yet Defendants wrongly refuse to honor their promise to insure Plaintiffs against this risk.

Complaint, ¶ 30.

Plaintiffs further aver that as the result of Allianz' claims decisions, it "has unreasonably deprived Kunde [but not VWE] of insurance benefits to which it is entitled . . ." *Id.* ¶40. On that basis, Kunde (but not VWE) asserts causes of action for (1) Breach of Contract; (2) Declaratory

---

[1] The Complaint also attaches as exhibits, copies of the Kunde insurance policy as Exhibit 1 and the VWE insurance policy as Exhibit 2.
[2] However, the complaint does not explicitly allege that VWE is an insured under the Lloyd's Policy; and a review of the attached Lloyd's Policy at Exhibit 2 identifies the "Leslie G. Rudd Living Trust" as the named insured with other insureds including the Trust's subsidiaries, associated and/or affiliated companies, joint ventures, and/or partnerships.

MOUND COTTON WOLLAN & GREENGRASS LLP
2200 POWELL STREET SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381

Relief; and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing against Allianz. See, ¶¶ 59-72 ("Allianz has breached its obligations under the Allianz Policy by refusing to pay for loss associated with Kunde's wine." Id. ¶ 61; "An actual controversy presently exists between Kunde and Allianz regarding Allianz' obligations to Kunde under the Allianz Policy." Id. ¶ 64; and "The Allianz Policy obligates Allianz to deal fairly and in good faith with Kunde in connection with its claim for coverage." Id. ¶ 68).

Similarly, Plaintiffs allege that the London Insurers (but not Allianz) have unreasonably deprived VWE of insurance benefits to which it is entitled. Id. ¶54. On that basis, VWE (but not Kunde) brings causes of action against the London Insurers for (1) Breach of Contract; (2) Declaratory Relief; and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing. See, ¶¶ 73-86 ("The London Insurers have breached their obligations under the Lloyds Policy by refusing to pay for loss associated with VWE's wine." Id. ¶ 75; "An actual controversy presently exists between VWE and the London Insurers regarding the obligations to VWE under the Lloyds Policy." Id. ¶78; and "The Lloyds Policy obligates the London Insurers to deal fairly and in good faith with VWE in connection with its claim for coverage." Id. ¶ 82).

Finally, as with their causes of action, Plaintiffs separately pray for individual relief. Kunde prays for relief against Allianz with respect to causes of action one through three; and VWE prays for relief against the London Insurers with respect to causes of action four through six. Id. pp. 16:1-17:10.

### III. LEGAL STANDARDS FOR MISJOINDER

The Federal Rules of Civil Procedure allow the joinder of multiple Plaintiffs and multiple Defendants in the same action under Rule 20, but only if Plaintiffs meet certain pleading requirements. Rule 20 reads, in part:

> **(a) Persons Who May Join or Be Joined.**
> **(1)** *Plaintiffs.* Persons may join in one action as Plaintiffs if:
> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.
> **(2)** *Defendants.* Persons-- . . .may be joined in one action as defendants if:

3

      **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*

      **(B)** any question of law or fact common to all defendants will arise in the action.

Federal Rule of Civil Procedure, Rule 20.

    Thus, as a threshold matter, Rule 20 (a) imposes two specific requirements for permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. "[W]hile multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints." *Hash v. Cate*, No. C 08-3729MMC(PR), 2009 WL 941807, at *3 (N.D. Cal. Apr. 6, 2009). "As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997) (affirming severance of plaintiffs seeking to compel the INS to rule on pending applications because general allegations of delay did not create common transaction or occurrence).

    Should a court determine that the parties or claims are mis-joined, the court may at any time on its own or by motion of a party "sever" any party's claims or "drop" (that is, dismiss without prejudice) all but the first named plaintiff so that the other plaintiffs may each pursue their own lawsuits under Fed. R. Civ. P. 21; *Coughlin*, 130 F.3d at 1350 (all but the first named plaintiff may be dismissed without prejudice to the institution of new, separate lawsuits). "As a general matter, Rule 21 severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability." *Repro-Med Sys., Inc. v. EMED Techs. Corp.,* No. 213CV01957TLNCKD, 2019 WL 569277, at *4 (E.D. Cal. Feb. 12, 2019).

    "Determination of a Rule 21 motion involves the sound discretion of the trial court." *S.E.C. v. Leslie*, Case No. 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). "The application of Rule 21 involves considerations of convenience and fairness. It also presupposes basic conditions of separability in law and logic. In determining a Rule 21 motion the court will consider: (1)

4

NATIONAL SURETY'S MOTION TO DISMISS OR SEVER PLAINTIFF VINTAGE WINE AND ALL OTHER DEFENDANTS FOR MISJOINDER – CASE NO. 3:19-CV-06636-SK

whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-02272-PSG, 2013 WL 12214042, at *2 (N.D. Cal. Dec. 4, 2013).

## IV. LEGAL ARGUMENT: SEVERANCE IS MANDATED HERE WHERE TWO UNRELATED PLAINTIFFS IMPROPERLY JOIN IN A SINGLE LAWSUIT AGAINST TWO UNRELATED SETS OF DEFENDANTS.

### A. Plaintiffs' Allegations Fail to Satisfy the First Prong of Rule 20(a) Because Their Claims Arise Under Separate Policies with Different Policy Limits, for Claims Which Occurred at Different Times at Different Locations and Were Adjusted by Different Insurers..

Plaintiffs fail to satisfy the first prong of Rule 20(a), which requires that the joinder of parties arise out of the *same* transaction or occurrence. See, *League to Save Lake Tahoe v. Tahoe Regional Planning Agency,* 558 F.2d 914, 917 (9th Cir.1977)( "a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the *same* transaction or occurrence....")

As understood by Plaintiffs' complaint, Plaintiffs are separate entities. Kunde is a family owned and controlled winery producing multiple tiers of wine all crafted from grapes grown "on its Sonoma Valley ranch." Complaint ¶ 1. VWE is a collection of vintner family owned winery estates and brands. Its internet home page discloses that it has "wineries throughout Napa, Sonoma, Oregon and Washington." See, https://www.vintagewineestates.com. Each Plaintiff purchased separate policies of insurance from separate insurance carriers for different policy periods and different limits of coverage. Kunde purchased a property policy from Allianz; VWE purchased a marine stock throughput insurance policy from the London Insurers. The terms and conditions of each policy are different. Compare, Dkt.1, Exh.A, Complaint and Exhibits 1 and 2 attached thereto. Any claims presented by Plaintiffs were adjusted by different insurers. The mere assertion that because insurers are members of a common industry and each denied a separate fire loss claim arising out of the Sonoma wildfires for allegedly the same reason is insufficient to satisfy the requirement that the right to relief against the Defendants arises out of the same transaction or

occurrence. See, *Coughlin*, 130 F.3d at 1350 ("The mere allegation, however, that all of the plaintiffs allegedly faced similar problems is "not enough to create a common transaction or occurrence."); and *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067 (C.D. Cal. 2002), in which the district court dismissed without prejudice the claims brought by fifty former and current writers for television programming which sued fifty separate entities in the television industry alleging age discrimination. In concluding that the action must be dismissed and brought as separate individual lawsuits, the district court found that (1) plaintiffs could not be joined in single action because the factual basis for their claims were different; and (2) defendants membership in a common industry did not warrant joinder of all defendants in single action *Id.*

Similarly, in *Nassau County Ass'n of Ins. Agents v. Aetna Life & Casualty Co.*, 497 F.2d 1151 (2d Cir.1974), the Second Circuit affirmed the district court's dismissal without prejudice on the basis of misjoinder where 164 defendant insurers allegedly terminated their relationships with the individual insurance agent-plaintiffs. Despite the plaintiffs' allegations of identical wrongdoing by each defendant, the court found no right to relief arising from the same transaction or occurrence because plaintiffs had failed to demonstrate that such a right arose from the *same* transaction or occurrence:

> No allegation of conspiracy or other concert of action has been asserted. No connection at all between the practices engaged in by each of the 164 defendants has been alleged. Their actions as charged were separate and unrelated, with terminations occurring at different times for different reasons with regard to different agents.

*Id.*, at 1154. See, also, *Vaz v. Met P&C Prop. & Cas. Co.*, No. 1:06 CV 481, 2006 WL 2583733, at *1 (S.D. Miss. Sept. 6, 2006) ("The Court concludes that the Plaintiffs should be required to file separate complaints . . . In a superficial sense, the hurricane was a common occurrence; however, the storm was vastly different in its effect depending on the specific geographic location of each particular home."). Because Plaintiffs cannot meet this first prong for joinder, the court must either drop or sever VWE and the London Insurers from the action.

**B.  Plaintiffs' Fail to Satisfy the Second Prong of Rule 20(a) Because the Claims Are Based on the Actions of Different Insurers Adjusting Claims at Different Locations for Different Insureds and Under Different Policies of Insurance.**

In addition, Plaintiffs fail to satisfy the second prong of Rule 20(a) for permissive joinder. In

order to satisfy this prong, Plaintiffs must show common questions of law or fact. While insurance claims are similar contractual disputes, here, where there are different carriers whose policies employ different language to effect that coverage, each which was placed by different insurance brokers, one in San Francisco (Kunde) and one in Kansas City (VWE) at different times for different policy periods and inspected by different insurers, the sheer number of variables between and among the two Plaintiffs and the two sets of Defendants cannot state common questions of law and fact. As the Ninth Circuit has explained, "the mere fact that all plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin,* 130 F.3d at 1351. Rather, claims are not properly joined where each is based on "discrete" facts with "different legal issues." *Id.*

The Complaint demonstrates that each Plaintiff's allegations depend upon "discrete" facts related only to the Defendant that issued that Plaintiff insurance. The discrete facts which support Kunde's allegations are different from the discrete facts which support VWE's claims. Moreover, each Defendant has potentially different "legal theories" because the causes of action and prayers for relief alleged in the complaint are strictly segregated between those causes of action and prayers brought by Kunde against Allianz and those separate claims and prayers brought by VWE against the London Insurers. Where the plaintiffs' "claims require significant 'individualized attention,' they do not involve 'common questions of law or fact.'" *Coalition for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*, 2009 WL 3857417, at *7 (E.D. Cal. Nov. 17, 2009) (quoting *Coughlin,* 130 F.3d at 1351).

Attempted joinder of unrelated defendants based on the second prong of Rule 20(a) is routinely rejected by district courts throughout the country. For example, in *LaFace Records. LLC v. Does 1-38*. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of a lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same alleged violation of the law in exactly the same way against the same plaintiff. Despite these similarities, the court found that "merely committing the same type of violation in the same way [against the same plaintiff] does not link defendants together for purposes of joinder." *Id.*

Nor do the allegations of a similar method for committing the alleged wrongful conduct. As discussed in *Nassau County Ass'n of Ins. Agents, Inc., v. Aetna Life & Casualty, supra*, the Second Circuit refused to allow 164 insurance companies to be joined in a single action simply because they allegedly used the same methods to cheat their insurance agents, describing that attempted joinder as "a gross abuse of procedure." 497 F.2d at 1154.

Here, Plaintiffs cannot satisfy the second prong of Rule 20(a) because the causes of action asserted by the Plaintiffs were committed by unrelated Defendants at different times and locations, by different adjusters, under different types of insurance, requiring different proof of facts, witnesses and theories of law specific to each Defendant and Plaintiff. Such an attenuated relationship is insufficient for joinder. *See, EIT Holdings LLC v. Yelp!, Inc.*, No. 10-cv-05623-WHA, 2011 WL 2192820, at * 1-2 (N.D. Cal. May 12, 2011) (finding misjoinder and granting severance because defendants were "unrelated companies that operate unrelated websites" and plaintiff's claims "would require proof of facts specific to each individual defendant and to each accused website"); and *San Francisco Tech., Inc. v. Adobe Sys. Inc.*, Nos. 10-cv-01652-RS, 09-cv-6083-RS, 2010 WL 1640397, at *1-2 (N.D. Cal. Apr. 19, 2010) (same, where defendants were "unrelated companies that market and sell wholly unrelated products" and only similarity was "alleged violations of a particular statute").

Consequently, because cannot establish this necessary element for permissive joinder, Plaintiff VWE and the London Insurers must by dropped and/or severed from this action.

### C.   Discretionary Severance is Also Warranted

Even if Plaintiffs could satisfy the requirements of Rule 20(a), which, as shown above, they cannot, severance under Rule 21 is still appropriate because permissive joinder fails to comport with the additional discretionary factors under the Rule. See, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) ("Even once [the permissive joinder] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side. Under Rule 20(b), the district court may sever the trial in order to avoid prejudice.") (internal citation omitted).

The additional factors under Rule 21 include (1) whether settlement of the claims or judicial

8

NATIONAL SURETY'S MOTION TO DISMISS OR SEVER PLAINTIFF VINTAGE WINE AND ALL OTHER DEFENDANTS FOR MISJOINDER – CASE NO. 3:19-CV-06636-SK

economy would be facilitated; (2) whether prejudice would be avoided if severance were granted; and (3) whether different witnesses and documentary proof are required for the separate claims. *S.E.C. v. Leslie* at *4.

### 1. Judicial Economy mandates Severance

Here, participation by Allianz in discovery, motion practice and trial unrelated to the claims brought against it would be unnecessarily expensive. See, e.g. *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011), disapproved on other grounds in *Williams v. King*, 875 F.3d 500, (9th Cir. Cal. 2017).) Allianz expects that some, if not many of the London Insurer fact witnesses, including underwriters and those overseeing the adjustment of VWE's claims are located in the United Kingdom, requiring depositions there. Moreover, a consolidated trial would force the Court to address the separate defenses that are likely to be advanced by each set of defendants, leading to varied motion practice and creating mini-trials involving different evidence and testimony. The evidence and testimony needed to determine whether Allianz breached the contract with Plaintiff Kunde will be entirely different from the evidence and testimony presented by VWE. See, e.g., *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 498 (D. Ariz. 2012); and *Shelton Pollet, Jr. v. Travelers Prop. Cas. Ins. Co., et. al.*, No. 01-863, 2001 WL 1471724, at *2 (E.D. La. Nov. 16, 2001) (rejecting plaintiff's attempt to consolidate property damage claims arising out of a storm where it would result in mini-trials on individual issues). In such a situation, the "[d]iscovery burdens and associated expenses" to Allianz of litigating this case with the London Insurers "would operate expansively, absent severance" of plaintiffs' claims. *Id.* at 157.[get proper cite]

### 2. Absent Severance, the Risk of Unfair Bias, Prejudice and Error is Acute.

In deciding Rule 21 motions under the discretionary sections of Rule 21, courts recognize that there is the real danger that a jury's consideration of one plaintiff's allegations will taint its assessment of the other plaintiff's entirely different claims, resulting in unfair guilt by association. *Coleman*, 232 F.3d at 1297. That potential exists here. While the claims brought by Kunde and VWE are similar, the evidence used to determine whether either sets of insurers breached their contracts will be based on different evidence and testimony and will inevitably lead to jury

confusion. On those grounds, Allianz's motion should be granted. See, *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) (severing action because "[t]he jury may simply resolve the confusion by considering all the evidence to pertain to all the plaintiffs' claims, even when it is relevant to only one plaintiff's case"); *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994) (severing claims because of the "tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims").

As one court put it, "[e]ven if tolerably permitted by [Federal Rule of Civil Procedure] 20(a)," where joinder of defendants will prejudice defendants or create significant difficulties in judicial administration, such concerns "far outweigh any financial saving and convenience to plaintiff..." *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983).

Finally, severance will not prejudice the parties; to the contrary, it will benefit the parties, the Court and counsel by allowing for proper allocation of time, resources, and focus. Importantly, severance is the only way to allow for fair and manageable discovery and trial, avoiding prejudice, error, and confusion.

## V. CONCLUSION

Plaintiffs' claims are misjoined and must be severed now. They arise from separate transactions and occurrences and implicate distinct questions of fact and law. An individualized inquiry is necessary to determine whether each Plaintiff's insurers breached its insurance contract and whether they did so in bad faith. Such individualized claims do not meet either of the requisite prongs for permissive joinder under Rule 20.

Further, joinder in this case does not serve the underlying policy of Rule 20 to promote judicial economy, and to reduce inconvenience, delay, and added expense. Instead, this action accomplishes the opposite — prejudice, delay, waste of time, and increased expense.

For all of the foregoing reasons, and in order to prevent miscarriage of justice Allianz respectfully urges the Court grant its Motion to Sever Parties and Causes of Action.

Date: October 16, 2019                    MOUND COTTON WOLLAN & GREENGRASS LLP

                                          By:  /s/Melissa Dubbs
                                               Jonathan Gross
                                               Melissa A. Dubbs
                                               Attorneys for Defendant
                                               NATIONAL SURETY CORPORATION

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Alameda, City of Emeryville, California. I am over the age of eighteen years and not a party to the within action. My business address is Mound Cotton Wollan & Greengrass, 2200 Powell Street, Suite 1050, Emeryville, California 94608.

On the date below-written, I served the following document(s):

**DEFENDANT NATIONAL SURETY CORPORATION'S MOTION TO DROP (DISMISS WITHOUT PREJUDICE) OR IN THE ALTERNATIVE SEVER PLAINTIFF VINTAGE WINE ESTATES, INC. AND DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S LONDON, RSA INSURANCE GROUP, LIBERTY SPECIALTY MARKETS INSURANCE GROUP, NAVIGATORS UNDERWRITING AGENCY LIMITED, BRIT GLOBAL SPECIALTY AND TRAVELERS MARINE CARGO ON THE GROUNDS OF MISJOINDER; [PROPOSED] ORDER**

(  )  (BY REGULAR MAIL) I enclosed the document(s) in a sealed envelope or package addressed to the person at the address listed immediately below and placed the sealed envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the said date, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid:

(  )  (BY PERSONAL DELIVERY) By having a messenger personally deliver a true copy thereof to the person and/or office of the person at the address set forth below:

( X )  (BY OVERNIGHT DELIVERY) By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Mound Cotton Wollan & Greengrass to be delivered by Federal Express, to the address(es) shown below:

(  )  (BY ELECTRONIC TRANSMISSION) Based on Court Order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person at the e-mail address listed immediately below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( X )  Filed electronically with the U.S. District Court and therefore the Court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail address(es):

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on October 16, 2019, at Emeryville, California.

*/s/ Kelly A. McAndrews*
Kelly A. McAndrews

1
PROOF OF SERVICE

SERVICE LIST

| | |
|---|---|
| Brook B. Roberts<br>John M. Wilson<br>Steven Lesan<br>Melanie J. Grindle<br>Latham & Watkins, LLP<br>12670 High Bluff Drive<br>San Diego, CA 92130<br>*Counsel for Plaintiffs* | Emails: brook.robert@lw.com<br>John.wilson@lw.com<br>Steven.lesan@lw.com<br>Melanie.grindle@lw.com |
| Geoffrey Robb<br>Gibson, Robb & Lindh LLP<br>201 Mission Street, Suite 2700<br>San Francisco, CA 94105<br>*Counsel for Certain Underwriters at Lloyd's London; RSA Insurance Group; Liberty Specialty Markets Insurance Group; Navigators Underwriting Agency Limited; Brit Global Specialty; Travelers Marine Cargo* | Email: grobb@gibsonrobb.com |

MOUND COTTON WOLLAN & GREENGRASS
2200 POWELL STREET  SUITE 1050
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 900-9371   FACSIMILE: (510) 900-9381