UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUNDE ENTERPRISES, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL SURETY CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-06636-JSW<br><br>**ORDER GRANTING MOTION TO SEVER**<br><br>Re: Dkt. Nos. 3 |

Now before the Court for consideration is National Surety Corporation's ("Allianz") motion to drop (dismiss without prejudice) or sever Plaintiff Vintage Wine Estates, Inc. ("VWE") and Defendants Certain Underwriters at Lloyd's London, RSA Insurance Group, Liberty Specialty Markets Insurance Group, Navigators Underwriting Agency Limited, Brit Global Specialty, and Travelers Marine Cargo[1] ("London Insurers") on the grounds of misjoinder. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes the motion is suitable for disposition without oral argument. Civil L.R. 7-1 (b). The Court HEREBY GRANTS Allianz's motion to sever.

**BACKGROUND**

VWE's owners have had a minority ownership stake in Kunde Enterprises, Inc. ("Kunde")

---

[1] The names of the London Insurers are listed above as the names appear in the complaint. In their notice of non-opposition and joinder to Allianz's motion to dismiss or sever, the London Insurers explain the correct names of the entities as follows. RSA Insurance Group is named Royal & Sun Alliance Insurance PLC. Liberty Specialty Markets Insurance Group is named Liberty Syndicate 4472. Navigators Underwriting Agency Limited is named Navigators Syndicate 1221. Brit Global Specialty is named Brit Syndicate 2987. And Travelers Marine Cargo is named Travelers Syndicate 5000.

1   since 2010.  (Declaration of Pat Roney in support of Opposition ("Roney Decl.") ¶ 4.)  VWE is
2   also Kunde's managing partner, and one of VWE's two owners serves as Kunde's president and
3   director.  (*Id.*)  Certain VWE wines are made at Kunde's facilities.  (*Id.*)
4       The complaint alleges the following.
5       In October of 2017, wildfires burned across Northern California, affecting wineries and
6   wine-making operations owned by Kunde and VWE (collectively "Plaintiffs").  (Dkt. No. 1-1 ¶
7   26.)  Smoke from these wildfires damaged wine products (in various stages of the wine-making
8   process) such that finished wine contained strong aromas and undesirable tastes.  (*Id.* ¶¶ 28, 29.)
9   This destroyed the wine's marketability.  (*Id.*)
10      Kunde was insured by Allianz under a real and personal property policy ("Allianz Policy")
11  from April 1, 2017 to April 1, 2018.  (*Id.* ¶ 15.)  VWE was insured by the London Insurers under a
12  separate "marine stock throughput insurance policy" ("London Insurers Policy") from October 1,
13  2017 through October 1, 2018.[2]  (*Id.* ¶¶ 18, 47.)
14      After the fires, Kunde submitted a claim to Allianz, which Allianz denied.  (*Id.* ¶¶ 33-36.)
15  Likewise, VWE submitted a claim to the London Insurers, which they denied.  (*Id.* ¶¶ 47-49.)
16      Plaintiffs filed the complaint on August 23, 2019.  (Dkt. No. 1-1.)  In it, Kunde brings
17  breach of contract, declaratory judgment, and breach of implied covenant of good faith and fair
18  dealing claims against Allianz.  VWE brings the same three claims—but against the London
19  Insurers.  Defendants removed the complaint on October 16, 2019.  (Dkt. No. 1.)  Allianz filed its
20  motion on October 25, 2019 (Dkt. No. 18.), and, on November 1, 2019, the London Insurers filed
21  a notice of non-opposition and joinder in Allianz's motion (Dkt. No. 21).[3]

**ANALYSIS**

**A.   Appropriate Legal Standards.**

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of multiple plaintiffs

---

[2] The copy of this policy attached to the complaint identifies the Leslie G. Rudd Living Trust and other Trust subsidiaries, joint ventures, and partnerships as the named insureds.

[3] As the Court did not rely on the documents which are the subject of Allianz's unopposed request for judicial notice, Allianz's request is DENIED as moot.

2

and/or defendants in an action. To join multiple plaintiffs, plaintiffs must "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Multiple defendants may be joined where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If a court concludes that parties have been improperly joined under Rule 20, the court has broad discretion under Rule 21 to sever the misjoined parties from the action. Fed. R. Civ. P. 21; *United States v. Testa,* 548 F.2d 847, 856 (9th Cir. 1977).

The first prong, the "same transaction or occurrence" requirement, "refers to similarity in the factual background of a claim." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 842-43 (9th Cir. 2000). Typically, this means that a party "must assert rights or have rights asserted against them, that arise from *related activities*—a transaction or an occurrence or a series thereof." *Bravado Int'l Grp. Merch. Servs. V. Cha.*, No. 09-cv-9066-PSG-CW, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (emphasis in original) (citation omitted). In this context, there is no fixed definition of "transaction," "occurrence," or "series." Rather, courts assess each case's facts individually to determine whether joinder of multiple plaintiffs and/or defendants is appropriate. *Walker v. Bryson*, No. 11-cv-0095-AWI-SKO, 2012 WL 5186658, at *4 (E.D. Cal. Oct. 16, 2012).

The second prong of the Rule 20 test is "not a particularly stringent test." *Id.* (citation omitted). There need only be one common question of law or fact, and commonality in the context of joinder does not require the common question to be the predominant issue in the litigation. *Id.*; *Gonzales v. Wal-Mart Stores, Inc.*, No. 14-cv-230-JCM-NKJ, 2014 WL 2591690, at *8 (D.N.V. May 22, 2014) (citation omitted).

When considering whether joinder is appropriate, a court must keep in mind judicial economy as well as fairness to the parties. *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d 914, 917 (9th Cir. 1977) (citations omitted). Therefore, even if the requirements of permissive joinder have been met, a court must also consider whether joinder "comport[s] with the

3

1  principles of fundamental fairness or would result in prejudice." *Coleman v. Quaker Oats Co.*,

2  232 F.3d 1271, 1296 (9th Cir. 2000) (citation omitted).

3      If the test for permissible joinder is not satisfied, the court may dismiss all but the first

4  named plaintiff without prejudice "to the institution of new, separate lawsuits by the dropped

5  plaintiffs against some or all of the present defendants" based on the claims articulated in the

6  current complaint. *Walker*, 2012 WL 5186658, at *4 (citation and quotation omitted).

7  **B.    Permissive Joinder.**

8      Allianz argues that the case should be severed both as to the plaintiffs and as to defendants.

9  In Allianz's conception, there should be one case where Kunde is the sole plaintiff and Allianz the

10  sole defendant and a second case where VWE is the sole plaintiff and the London Insurers the

11  defendants. The Court agrees: permissive joinder is not appropriate.

12      There is no common transaction or occurrence. Plaintiffs' position that the 2017 Northern

13  California wildfires (and the smoke taint these fires inflicted upon Plaintiffs' respective products)

14  constitute a common occurrence does not persuade the Court. Allianz has pointed to several

15  cases, albeit in other circuits, where courts have held that natural disasters do not constitute a

16  common occurrence for the purpose of litigating insurance claims. *E.g.*, *Balistrieri v. Allstate Ins.*

17  *Co.*, No. 13-cv-6330-SJF-AKT, 2013 WL 6194474, at *3 (E.D.N.Y. Nov. 25, 2013) ("The fact

18  that plaintiffs' separate properties, for which they made distinct claims under the separate

19  insurance policies issued to them by defendant, all sustained damage as a result of the same storm

20  is immaterial for purposes of Rule 20(a). . . .").

21      In *Rohr v. Metropolitan Insurance & Casualty Co.*, for example, multiple plaintiffs filed a

22  claim against a single insurance company arising from that insurance company's denial of claims

23  related to Hurricane Katrina. No. 06-cv-10511-MF, 2007 WL 163037, *2 (E.D. La. Jan. 17,

24  2007). In an order concluding that the plaintiffs had failed to satisfy the permissive joinder

25  requirements of Rule 20(a), the court observed that each plaintiff owned real property in a

26  different area of St. Bernard Parish, a county in Louisiana the hurricane damaged. *Id.* Each

27  property, therefore, experienced unique loss, "depending on the location and condition of the

28  property before the storm struck and depending also on what combination of forces caused the

4

damage." *Id.* at 3. The court also observed that the "particulars of coverage will vary from policy to policy" and that the "particular terms of each policy must be considered." *Id.* The Court concluded that the hurricane was "no more than a common question of fact" and did not constitute a common transaction or occurrence "because the effects of the hurricane were unevenly felt, leaving each property owner in a unique situation based on the prior condition of the property owner's home, the previously negotiated insurance policy, and the immediate effects of the hurricane in that particular geographic area." *Id.*; *see also Kelly v. Harleysville Worcester Ins. Co.*, No. 13-cv-6275-JS-AKT, 2013 WL 6537186, at *3-4 (E.D.N.Y. Dec. 13, 2013) (applying similar reasoning to insurance claims arising out of Superstorm Sandy). The reasoning of these opinions translates well to the case now before the Court.

Likewise, here, the 2017 Northern California wildfires do not serve as a common transaction or occurrence. Though wine products owned by Kunde on the one hand and VWE on the other were allegedly damaged by this single calamity, Kunde and VWE's individual claims arise out of their two separate policies with two separate insurers. Any similarity between the insurance policy giving rise to VWE's claims and the insurance policy giving rise to Kunde's claims is outweighed by the fact that the insurance policies are distinct instruments, issued by separate entities, applying to separate covered property. *See Sieron v. Hanover Fire and Cas. Ins. Co.*, 485 F. Supp. 2d 954, 958 (S.D. Ill. 2007) (holding no common transaction or occurrence where separate insurance policies applied to individual plaintiffs and real properties); *Vaz. v. Allstate Prop. & Cas. Co.*, No. 06-cv-481-LTS-RHW, 2006 WL 2583733, at *1-2 (S.D. Miss. Sept. 6, 2006) (holding separate insurance contracts constituted separate transactions, even though plaintiffs "each held basically the same standard homeowner's policy"); *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, No. 10-CV-02182-RLH, 2011 WL 2470504, at *3-4 (D. Nev. June 17, 2011) (severing cases where "separate and distinct denials of insurance coverage, therefore, do not become a single series of transactions merely because they are based on the same policy provision.").

Further, despite Plaintiffs' arguments that Kunde and VWE occasionally pooled resources and that VWE had an ownership stake in Kunde, there is nothing before the Court to suggest this

confluence is material to the instant disputes. For instance, there are no allegations of coverage overlap of the spoiled wine products. Finally, though Plaintiffs maintain their claims were denied based on the same argument (that smoke damage occurred to the grapes while they were on the vine rather than to wine products), there is nothing before the Court to suggest that the Defendants' failure to pay these separate claims was the result of a common directive or any sort of collusion. *See id.* In fact, Allianz does not appear to have a business relationship with the London Insurers. *See San Francisco Tech., Inc. v. Adobe Sys., Inc.*, No. 10-cv-1652-RS, 2010 WL 1640397, *1-2 (N.D. Cal. April 19, 2010) (holding misjoinder of defendants where no allegations of connection or relationship among defendants or their products).

The Court need not address Plaintiffs' arguments concerning common questions because Plaintiffs do not satisfy the first prong of the test. The Court also notes that severing the complaint would facilitate settlement. *See Trazo v. Nestle USA, Inc.*, No. 12-cv-2272-PSG, 2013 WL 12214042, at *2 (N.D. Cal. Dec. 4, 2013).

**CONCLUSION**

Accordingly, the Court GRANTS Allianz's motion to sever. VWE and the London Insurers are SEVERED from this action and DISMISSED WITHOUT PREJUDICE to VWE's commencing a separate action for claims related to its policy and the London Insurers.

**IT IS SO ORDERED.**

Dated: December 17, 2019

_____
JEFFREY S. WHITE
United States District Judge

6