1  LATHAM & WATKINS LLP
     Brook B. Roberts (SBN: 214794)
2       (*brook.roberts@lw.com*)
     James A. Tabb (SBN: 208188)
3       (*jimmy.tabb@lw.com*)
     Michael L. Huggins (SBN: 305562)
4       (*michael.huggins@lw.com*)
5  12670 High Bluff Drive
   San Diego, California 92130
6  Telephone: +1.858.523.5400
   Facsimile: +1.858.523.5450
7
8  Attorneys for Plaintiff
   Kunde Enterprises, Inc.
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KUNDE ENTERPRISES, INC., | CASE NO. 4:19-cv-06636-JSW |
| Plaintiff, | **DECLARATION OF DR. RICHARD G. PETERSON IN SUPPORT OF PLAINTIFF KUNDE ENTERPRISES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| NATIONAL SURETY CORPORATION, | |
| Defendant. | Hearing Date: May 6, 2022<br>Time: 9:00 a.m.<br>Courtroom: 5 |
| | Pre-Trial Conference Date: March 14, 2022<br>Trial Date: May 16, 2022 |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

CASE NO. 4:19-cv-06636-JSW
DECLARATION OF DR. RICHARD G. PETERSON
ISO KUNDE'S MOTION FOR PARTIAL SUMM. J.

I, Richard G. Peterson, Ph.D., declare as follows:

1.    I submit this declaration in support of Plaintiff Kunde Enterprises, Inc.'s ("Kunde") Motion for Partial Summary Judgment against Defendant National Surety, Inc. ("National Surety").  I have sufficient personal knowledge of the facts set forth herein that if called as a witness I could and would testify competently to those facts under oath.  In making this declaration, I expressly reserve all privileges and protections.

2.    I am a consultant in Enology and Viticulture.  I received a B.S. in Chemical Technology from Iowa State University in 1952; an M.S. in Food Technology from the University of California, Berkeley, in 1956; and a Ph.D. in Agricultural Chemistry from the University of California in 1958.  I have thorough knowledge of wine chemistry and sixty (60) years of professional winegrowing experience, including as Research Director and Assistant Production Manager in charge of winemaking at E&J Gallo Winery; Wine Master at Beaulieu Vineyard at Rutherford in Napa Valley; Wine Master and President of The Monterey Vineyard; and Wine Master and President of Atlas Peak Vineyard.

3.    I have been a professional member of the American Society for Enology and Viticulture since 1959, a Director (1973 – 1975), and its President (1977 – 1978).  I was a long-time director of the Wine Institute, Chairman of WITS, a Supreme Knight in the Universal Order of Knights of the Vine, and a member of most professional wine societies, including:  Les Amis du Vin, International Wine and Food Society, W.I.N.O., Confrerie de la Chaine des Rotiesseurs, Napa Valley Wine Technical Group, Institute of Food Technologists, and a founding member of the American Institute of Wine and Food, AWARE, Society of Wine Educators, and the International Wine Academy.

4.    I have read the March 6, 2019 report prepared for National Surety by Philip Crews, Ph.D., titled "Analysis of Smoke Taint Effects to Kunde Premium Wines from 2017 Wildfires in Northern California" (the "Crews Report").  In it, Dr. Crews states the following with respect to the smoke tainted Kunde wines made from grapes harvested before the wildfires began (the "Watch List" wines):

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

CASE NO. 4:19-cv-06636-JSW
DECLARATION OF DR. RICHARD G. PETERSON
ISO KUNDE'S MOTION FOR PARTIAL SUMM. J.

> It is not clear how or why the smoke taint occurred to these lots but it must have taken place from smoke putatively filling the Kunde winery production area during and after the wildfires (10/8-17) while these wines were in production ....

(Crews Report at KUNDE0000277.)

5. Dr. Crews' conclusion that smoke exposure in Kunde's facilities caused smoke taint to the Watch List wines does not surprise me. New wine in process (vulnerable to smoke taint) is not protected from smoke that contaminates a winery's fermenting areas. It is not possible to close and seal up a winery's indoor fermenting areas since the buildup of $CO_2$ inside a building is deadly for workers. Any smoke in the winery will easily contact new wine during the processing and fermentation period. The smoke in the winery contacts grapes and new wines while the grapes are being crushed, moved from the crushers to tanks for fermentation, and when the wines are pressed after fermentation. It also contacts the fermenting wines, including during "pump overs" which take place with red wines at least two times per day during fermentation.

6. On the other hand, Dr. Crews' conclusion that smoke tainting to Kunde wines made from grapes harvested after the wildfires began (the "Fire Lot" wines) resulted from smoke taint to grapes on the vine does surprise me as I see no basis for it. Putting aside scientific debates as to whether and to what extent smoke compounds can penetrate wine skins on the vine, to my understanding, none of the grapes used to make the Fire Lot wines ever tested positive for any significant amount of smoke compounds. So, Dr. Crews' conclusion is mere speculation. Moreover, it is methodologically improper for Dr. Crews to simply disregard the exposure to smoke compounds in Kunde's facilities for the Fire Lot wines (while acknowledging it for the Watch List wines). Finally, there is no way of differentiating between smoke taint to wine caused by smoke exposure in Kunde's facilities versus any smoke taint to wine that may have resulted from any smoke damage to grapes on the vine.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Napa, California on February 16, 2022.

/s/ Richard G. Peterson
Richard G. Peterson, Ph.D.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

CASE No. 4:19-cv-06636-JSW
DECLARATION OF DR. RICHARD G. PETERSON
ISO KUNDE'S MOTION FOR PARTIAL SUMM. J.